NUNC PRO TUNC O P I N I O N
On April 28, 1993, Purl and Ruth Ann Tinlin filed a complaint for declaratory judgment against appellants, Robert and Karen White. The Tinlins sought a judgment regarding a property line dispute between the parties. As the subject properties were located in Carroll County, Ohio, the complaint was filed within said county. Appellants retained appellees, Attorney Michael Hauch, Attorney Joseph Casale and the Casale 
Casale Law Firm, to represent them.
On June 28, 1993, appellants filed an answer and counterclaim. The Tinlins filed an amended complaint on October 6, 1993. Appellants did not answer this complaint. By judgment entry filed November 3, 1993, the Carroll County trial court dismissed the case finding the parties had allegedly settled the matter.
On February 3, 1995, appellants notified the Carroll County trial court that they in fact had not authorized or consented to the settlement. On March 16, 1995, appellants, by and through new counsel, Attorney Edward Gilbert, filed a Civ.R. 60(B) motion for relief from judgment. By judgment entry filed April 13, 1995, the Carroll County trial court denied said motion.
Appellants appealed to the Seventh District Court of Appeals. Said court reversed the decision and remanded the case to the Carroll County trial court for further proceedings. See, Tinlin v. White (May 15, 1996), Carroll App. No. 653, unreported.
A bench trial was scheduled for December 6, 1996. On said date, appellants' counsel filed a motion for leave to answer the amended complaint. Said motion was denied. By judgment entry filed January 27, 1997, the Carroll County trial court accepted as true the facts within the amended complaint and ruled in favor of the Tinlins.
Appellants appealed to the Seventh District Court of Appeals. Said court affirmed the decision. See, Tinlin v. White (September 20, 1999), Carroll App. No 680, unreported.
On January 26, 1996, appellants filed a complaint in Stark County, Ohio against appellees alleging legal malpractice. Appellees filed a motion for summary judgment on December 2, 1999. Appellants filed an amended complaint on December 26, 1996. By judgment entry filed January 21, 2000, the trial court granted appellees' motion, finding the "subsequent failure to plead after 20 months by their subsequent counsel produced the adverse decision."
Appellants filed an appeal and this matter is now before this court for consideration.
Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE ISSUES OF EXPERT TESTIMONY PRODUCED ON ISSUES OF LIABILITY, COLLATERAL ESTOPPEL, NEGLIGENCE ON THE PART OF EDWARD L. GILBERT, AND LEGAL MALPRACTICE BECAUSE PLAINTIFF-APPELLANT IS ENTITLED TO A JUDGMENT AGAINST DEFENDANT-APPELLEES BECAUSE OF DEFENDANT-APPELLEES' NEGLIGENCE.
 I
Appellants claim the trial court erred in granting summary judgment for appellees on their claim of legal malpractice. We agree in part.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
In the amended complaint filed December 26, 1996, appellants first three causes of action prayed for damages as a result of appellees entering into a settlement agreement on their behalf without their consent and failing to inform them of settlement negotiations and the status of their case. These actions were claimed to have occurred prior to January 27, 1995. The fourth cause of action claimed appellees failed to file a timely answer to the Carroll County amended complaint filed October 6, 1993.
In granting summary judgment, the trial court found that the intervening omission by appellants' new counsel i.e., failing to file an answer to the Carroll County amended complaint after the Seventh District Court of Appeals granted a 60(B) motion, was a superceding intervening cause that proximately caused the damages to appellants:
 By the decision of the Seventh District Court of Appeals vacating the denial of the 60(B) Motion, the parties were placed in the position of starting anew without a settlement agreement.
 The subsequent failure to plead after 20 months by their subsequent Counsel produced the adverse decision.
 This decision is now binding due to the second opinion of the 7th District Appellate Court.
 THEREFORE, if these Defendants committed malpractice by their actions relating to the settlement agreement, such was obviated by the earlier Appellate decision referred to above. The subsequent failure to plead was the cause of the current judgment, not the prior actions, if any, of these Defendants.
See, Judgment Entry filed January 21, 2000.
We concur with the trial court's reasoning in part. As argued by appellees, the decision of the Seventh District Court of Appeals in reversing the trial court's denial of the Civ.R. 60(B) motion did in fact put the parties back to the pre-settlement phase of the case. See, Tinlinv. White, (May 15, 1996), Carroll App. No. 653, unreported.[1] After the case was remanded on May 15, 1996, no answer was filed to the Carroll County amended complaint until leave to so file was requested on the morning of trial, December 6, 1996. The trial court denied the request. Appellants appealed this denial and specifically assigned it as error. The assignment of error was denied. See, Tinlin v. White (September 20, 1999), Carroll App. No. 680, unreported.[2] We note most of the dates referenced in this opinion come from this 1999 opinion.
In the 1999 opinion, the Seventh District Court of Appeals specifically found no answer had been filed to the Carroll County amended complaint at the time of the journalizing of the "settlement" and the answer would have been out of rule. Therefore, any damages alleged in the first three causes of action of the amended complaint sub judice would have occurred at the inception of appellees' representation to the May 15, 1996 reversal by the Seventh District Court of Appeals. Any negligent representation resulting in damages would not have been terminated by the failure to file an answer after May 15, 1996. We conclude a claim for legal malpractice can be pursued against appellees for any damages resulting from the time up to and including May 15, 1996 i.e., cost of prosecuting the Civ.R. 60(B) motion and subsequent appeal of the Civ.R. 60(B) decision.
We concur with the trial court on the issue of the failure to file an answer after May 15, 1996. This failure caused the Carroll County trial court to find in favor of the Tinlins on the Carroll County amended complaint because the trial court pursuant to Civ.R. 8(D) accepted the facts contained in said complaint as true. This resulted in the trial court finding the "old fence line as it existed prior to appellants' 1992 survey to be the boundary line between the properties." Tinlin v. White
(September 20, 1999), Carroll App. No. 680, unreported, at 6. Therefore, any damages arising as a result of the Carroll County decision in denying an out of rule filing of an answer cannot be attributed to any actions of appellees.
Assignment of Error I is granted in part. The case is remanded on the issues of appellees' negligence, if any, and damages from the inception of their representation to the Seventh District's reversal on May 15, 1996.
 II
Appellees argue a second basis for sustaining the summary judgment granted in their favor styled as an assignment of error in their brief when in fact they did not file a cross-appeal. We will treat this as a second prong to their arguments against granting Assignment of Error I.
From our independent review, we find the argument that appellants did not meet their burden under Dresher v. Burt (1996), 75 Ohio St.3d 280, in rebutting appellees' summary judgment motion to be valid as to the proximate cause of any damages after May 15, 1996. Because we reversed this matter on the issue of proximate cause prior to May 15, 1996, we find this argument to be moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
 _____________________ Farmer, J
By Milligan, V.J. and Smart, V.J. concur.
[1] Attached to Plaintiff's Response to Motion for Summary Judgment filed January 13, 2000 as Exhibit II.
[2] Unfortunately, neither the trial court nor this court has been provided with the docketing statements of the Carroll County Common Pleas case or the Court of Appeals case. We are left to discern the dates from the 1999 opinion.
 NUNC PRO TUNC JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.